

Hogan Lovells US LLP
875 Third Avenue
New York, NY 10022
T +1 212 918 3000
F +1 212 918 3100
www.hoganlovells.com

David Dunn
Partner
D +1 212 918 3515
david.dunn@hoganlovells.com

May 8, 2018

Re:   Drivetrain, LLC v. Mark D. Kozel, Case No. 18-cv-01055 (EFM) (D. Kan.)

Dear Judge Melgren:

As you know, we represent Drivetrain, LLC, Liquidating Trustee for Abengoa Bioenergy US Holding, LLC, et al. (the "Missouri Trustee"). The Missouri Trustee is the successor to Abengoa Bioenergy Engineering & Construction, LLC, Abengoa Bioenergy Company, LLC, Abengoa Bioenergy Outsourcing, LLC, and Abengoa Bioenergy Trading US, LLC with respect to proofs of claim (Proof of Claim Nos. 93, 95, 96 and 97) in the aggregate amount of $69,504,933.16 in the United States Bankruptcy Court for the District of Kansas (the "Bankruptcy Court"), Case No. 16-10446 (collectively, the "Missouri Claims").

We write regarding the *Motion for Stay Pending Appeal* [Dkt. No. 24] (the "Stay Motion") and the *Emergency Motion for Temporary Stay, and for Expedited Briefing and Hearing* [Dkt. No. 28] (the "Emergency Motion") that the Missouri Trustee filed in this Court on March 30, 2018.

As Your Honor knows, on April 6, 2018, this Court held a telephonic conference on the Emergency Motion and on that same day entered a text order denying the request for a temporary stay, but granting the request for an expedited briefing schedule [Dkt. No. 36]. The Missouri Trustee writes to call additional information to the Court's attention and to request that it expedite determination of the Stay Motion to the extent possible, or reconsider its ruling on the Missouri Trustee's request for a temporary stay pending this Court's determination of the Stay Motion.

As you are aware, this case presents an imminent risk that the Missouri Trustee will be unable to collect fully on the Missouri Claims from Abengoa Bioenergy Biomass of Kansas, LLC's ("ABBK") estate even if its appeal is successful in the event that Mr.

Kozel (the "Kansas Trustee") distributes to other creditors funds that would be needed to satisfy the Missouri Claims.

At an April 12, 2018 hearing before the Bankruptcy Court, the Kansas Trustee's counsel stated in response to the Bankruptcy Court's question as to whether the Kansas Trustee had made any distributions that the Kansas Trustee already "ha[d] or shortly will" make distributions. *See* Apr. 12, 2018 Hr'g. Tr. 26:17-27:3, attached hereto as Exhibit A.

While we understand that no or no significant distributions have yet been made, our best information is that the Kansas Trustee and his counsel are working to make distributions promptly. In that regard, they have been active in reviewing and resolving claims, several of which have been withdrawn or compromised, in clear anticipation of promptly commencing distributions.

As Your Honor knows, in the past month, this case was assigned to Judge Broomes' docket, and then returned to yours (apparently because Judge Broomes had a conflict). We appreciate that the delay engendered by those transfers was unavoidable, but we are concerned that it has prejudiced this Court's ability to give meaning to its order expediting the motion for a stay, and therefore upsets the balance the Court struck in denying a temporary stay but expediting the consideration of the stay itself. The stay motion itself is now fully briefed, and has been for three weeks. But for the unavoidable delay caused by the transfer and transfer back of the case, the stay motion would likely have been determined, or would be near determination. Since that motion is fully briefed, any interim stay now ordered would be that much shorter, since the motion is ready for decision, as soon as the Court can address it.

In these unusual circumstances, we urge the Court to reconsider our request for a temporary stay to allow it appropriate time to consider the expedited motion that has only recently been returned to its docket. The Plan at issue was promulgated in April 2017; any delay in making distributions from May until June of this year will create no material harm or expense. Nevertheless, if significant distributions are made, there is a significant risk of the Missouri Trustee being denied fulsome relief and an effective right of appeal.

Further, on May 3, 2018, counsel to the Missouri Trustee wrote to the Kansas Trustee's counsel pointing out that the terms of the *Debtor's Plan of Liquidation pursuant to Chapter 11 of the Bankruptcy Code* [Bankr. Dkt. No. 811] (the "Plan") and the *Liquidating Trust Agreement* [Bankr. Dkt. No. 1108, Ex. A] (the "Trust Agreement") require the Kansas Trustee, in any event, to reserve for the full amount of the Missouri Claims in connection with any interim distribution. See Exhibit B. The Kansas Trustee counsel has not responded, much less confirmed that the Kansas Trustee will comply with the terms of the Plan and the Trust Agreement and fully reserve for the Missouri

Honorable Eric F. Melgren 3 May 8, 2018

Claims. Absent a response from him, we assume the Kansas Trustee will make distributions in a manner that is intended to prejudice the Missouri Claims.

Given all these circumstances, the Missouri Trustee submits that there would be no harm to ABBK's other creditors as a result of a temporary stay until this Court rules on the Stay Motion. A temporary stay at this point, and for this limited period, would cause no additional estate expense, but distributions of estate assets while the issue is *sub judice* could cause irreparable prejudice to the Missouri Trustee if the result is that its appeal is mooted. We would, alternatively, ask the Court to expedite its consideration of our stay motion to the greatest extent possible, as we know the Court's docket is crowded with other important matters. We would, of course, be happy to explain our position and concerns further, and to address any questions or concerns of the Court as to this matter, or the stay motion more generally, at a conference or oral argument, either telephonically or in person.

Respectfully yours,

David Dunn

Via ECF and Electronic Mail

Honorable Eric F. Melgren
United States District Judge
United States Courthouse
401 N. Market St., Suite 414
Wichita, KS 67202
ksd_melgren_chambers@ksd.uscourts.gov

cc: Kelly S. Burgan, Esq. kburgan@bakerlaw.com
    Michael A. VanNiel, Esq. mvanniel@bakerlaw.com
    Adam L. Fletcher, Esq. afletcher@bakerlaw.com
    Robert L. Baer, Esq. rbaer@epitrustee.com